**FILED**
**Nov 12, 2024**
**12:03 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| TONI DUVERGER, | ) | Docket No. 2024-60-4531 |
| Employee, | ) | |
| v. | ) | |
| SHOALS TECHNOLOGIES GROUP, | ) | State File No. 29538-2024 |
| INC., | ) | |
| Employer, | ) | |
| And | ) | |
| HARTFORD ACCIDENT & | ) | Judge Joshua D. Baker |
| INDEMNITY CO. | ) | |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

---

Ms. Duverger requested a decision based on a review of the record without an evidentiary hearing, seeking medical treatment from an orthopedist. Shoals Technologies contends Ms. Duverger is not entitled to medical treatment because a nurse practitioner believes her injury is preexisting and unrelated to employment.

Because a nurse practitioner is not qualified to testify on medical causation and Ms. Duverger presented expert medical opinion to show she suffered a work injury requiring medical treatment from an orthopedist, the Court holds Ms. Duverger is likely to prevail on her request at a final hearing. Shoals Technologies must offer her a panel of orthopedists for evaluation and treatment of her work injury.

### Claim History

On April 22, 2024, Ms. Duverger injured her right shoulder while "changing out heavy coils" for Shoals Technologies. She selected a walk-in clinic from a panel. At the clinic, she told the nurse practitioner she developed right-shoulder pain after work because she struggled "pulling and maneuvering 350lbs spools of cable all day."

When conservative treatment did not improve her symptoms, Ms. Duverger had an MRI that showed a strain and a shallow partial-thickness tear. After seeing the MRI results, the nurse practitioner said the "infraspinatus myotendinous junction strain" is work-related but "all other findings are pre-existing."

Only the nurse's electronic signature appears in the record, but he wrote that he reviewed Ms. Duverger's MRI results and discussed the "ongoing treatment plan and their compliance and progression toward their goals" with Dr. Hilarion Wornonzoff-Dashkoff.

When Ms. Duverger disagreed with the nurse's opinion, the nurse insisted she follow up "with private ortho for outside expert opinion[,]" saying her condition did not warrant an orthopedic referral.

With no referral, Ms. Duverger saw orthopedist Dr. Gregg Motz on her own and gave him the same account of her work accident. She also told him her right-shoulder pain is "constant," "sharp," and is "9/10 in intensity[.]"

After reviewing the MRI, Dr. Motz concluded the partial tear "may well be a small full-thickness tear." He continued, "It is unclear to me why this patient had her work comp case closed. This is clearly a work caused problem[,] and she very likely requires a rotator cuff repair."

**Findings of Fact and Conclusions of Law**

Ms. Duverger must prove she would likely prevail at a final hearing on her requested benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2024); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). She requested medical treatment for her right-shoulder injury from an orthopedist. The Court holds Shoals Technologies must provide this treatment.

Shoals Technologies asserted Ms. Duverger's condition is not work-related because her authorized treating physician provided an opinion that causation does not exist and recommended that she treat independently, outside the system of workers' compensation. The Court disagrees.

An employer "shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A). An injured worker is not required to prove her diagnosis or medical causation to obtain an examination, where she has expressed a need for medical care after a work injury. *Hawes v. McLane Co., Inc.*, 2021 TN Wrk. Comp. App. Bd. LEXIS 30, at *9-10 (Aug. 25, 2021).

Ms. Duverger submitted expert medical opinion from an orthopedist that she "clearly [has] a work caused problem and . . . very likely requires a rotator cuff repair." Moreover, Dr. Motz's opinion is the only competent one in evidence, as the Court cannot rely on a nurse's causation opinion. *Dorsey v. Amazon*, 2015 TN Wrk. Comp. App. Bd. LEXIS 13, at *9-10 (May 14, 2015). While the nurse wrote that he discussed Ms. Duverger's MRI results and treatment progress with the doctor, that discussion does not eliminate the requirement that a doctor give the actual causation opinion.

Given Dr. Motz's opinion, Ms. Duverger is likely to prevail at a final hearing in proving that an orthopedist is necessary to evaluate and treat her work injury and orders Shoals Technologies to provide her a panel of orthopedists. *See Smith v. Galloway Constr., Inc.*, 2019 TN Wrk. Comp. App. Bd. LEXIS 70, at *12-13 (Oct. 28, 2019) (trial judge may exercise discretion to order treatment with a specialist when the evidence suggests the area of specialty is appropriate).

**IT IS ORDERED**:

1. Shoals Technologies shall offer Ms. Duverger a panel of orthopedists for her to select an authorized treating physician for evaluation and treatment if necessary.

2. A status hearing is set for **January 7, 2025, at 10:00 a.m. Central Time.** You must call 615-741-2113 or 855-874-0474 to participate.

3. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED November 12, 2024.**

_____
**JUDGE JOSHUA D. BAKER**
**Court of Workers' Compensation Claims**

3

## Appendix

Exhibits

1. Rule 72 Declaration of Toni Duverger
2. Choice of Physicians form signed April 24, 2024
3. Medical records from Concentra dated April 24 to June 12, 2024
4. Rayus Radiology MRI report dated May 17, 2024
5. Hughston Clinic Orthopaedics record signed by Dr. Greg Motz on July 3, 2024
6. Work Status Report signed by Dr. Greg Motz on July 3, 2024
7. TriStar Medical Group form dated June 26, 2024

## CERTIFICATE OF SERVICE

I certify that a copy was sent as indicated on November 12, 2024.

| Name | Mail | Fax | Email | Address |
|------|------|-----|-------|---------|
| Adam Brock-Dagnan, Employee's Attorney | | | X | adam.brockdagnan@forthepeople.com christopher.howell@forthepeople.com |
| Alyssa Minge, Employer's Attorney | | | X | Alyssa.minge@thehartford.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*